U.S. Bank N.A. v Muroff (2025 NY Slip Op 00473)

U.S. Bank N.A. v Muroff

2025 NY Slip Op 00473

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-09189
2022-09456
 (Index No. 602407/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Mitchell Muroff, appellant, et al., defendants.

Christopher Thompson (New York Litigation Group, PLLC, Rochester, NY [Austin T. Shufelt], of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Max Saglimbeni of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mitchell Muroff appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 11, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also entered October 11, 2022. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon the order entered October 11, 2022, and upon an order of the same court (Julianne T. Capetola, J.) entered June 6, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mitchell Muroff and dismissing his affirmative defenses alleging lack of standing and failure to comply with RPAPL 1304, and for an order of reference, granted the same relief to the plaintiff as the order entered October 11, 2022, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered October 11, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mitchell Muroff and dismissing his affirmative defense alleging lack of standing and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered June 6, 2019, and October 11, 2022, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mitchell Muroff.
The appeal from the order entered October 11, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On October 26, 2009, Harry Muroff and Anne Muroff (hereinafter together the borrowers) executed a home equity conversion note in favor of Bank of America, N.A., which was secured by a fixed-rate reverse mortgage encumbering certain real property located in Valley Stream. The borrowers died in 2012 and 2013, respectively, and letters of administration to administer Anne Muroff's estate were issued to the borrowers' son, the defendant Mitchell Muroff (hereinafter the defendant). In 2018, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer, asserting affirmative defenses and counterclaims. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing his affirmative defenses alleging lack of standing and failure to comply with RPAPL 1304, and for an order of reference. In an order entered June 6, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order entered October 11, 2022, the court granted the plaintiff's motion. In an order and judgment of foreclosure and sale, also entered October 11, 2022, the court granted the same relief to the plaintiff as the order entered October 11, 2022, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Where, as here, "the plaintiff's standing to commence the foreclosure action was placed in issue by the defendant, the plaintiff was required to prove its standing to be entitled to relief against the defendant" (Hudson City Sav. Bank v Ellia, 210 AD3d 750, 752). "'A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced'" (id., quoting U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134-1135 [internal quotation marks omitted]; see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720). "An endorsement made on a negotiable instrument, whether a specific endorsement or an endorsement in blank, must be on the instrument or on a paper so 'firmly affixed thereto as to become a part thereof'" (Deutsche Bank Natl. Trust Co. v Motzen, 207 AD3d 434, 435, quoting UCC 3-202[2]).
Here, the plaintiff failed to establish, prima facie, its standing to commence this action. Although the plaintiff annexed the note to the summons and complaint, the plaintiff did not demonstrate that the purported allonge containing an endorsement to the plaintiff, which was on a piece of paper completely separate from the note, was "so firmly affixed thereto as to become a part thereof" as required by UCC 3-202(2) (see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 720; Deutsche Bank Natl. Trust Co. v Motzen, 207 AD3d at 435). Further, an affidavit of a representative of the plaintiff's loan servicer, submitted by the plaintiff in support of its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, also failed to establish the plaintiff's standing as the holder of the note at the time the action was commenced (see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 720; Deutsche Bank Natl. Trust Co. v Motzen, 207 AD3d at 436).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his affirmative defense alleging lack of standing and for an order of reference.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court